

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 6, 2014**

**United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
|  | § | CASE NO. 13-30678-bjh-7 |
| PROVIDER MEDS, LP, | § | |
|    Debtor. | § | |

| | | |
|---|---|---|
| CERX PHARMACY PARTNERS, LP; | § | |
| DIANE G. REED, AS CHAPTER 7 | § | |
| TRUSTEE FOR PROVIDER MEDS, LP; | § | |
| JOHN DEE SPICER, AS CHAPTER 7 | § | |
| TRUSTEE FOR ONSITERX, INC; AND | § | |
| JEFFREY H. MIMS, AS CHAPTER 7 | § | |
| TRUSTEE FOR PROVIDERX OF WACO, | § | |
| LLC, | § | |
|    Plaintiffs. | § | |
|  | § | |
| v. | § | Adversary No. 14-03031-bjh |
|  | § | |
| RPD HOLDINGS, LLC; ALTA SOURCE | § | |
| INC. f/k/a ALTA AIR, INC. and TRI STAR | § | |
| PETRO, INC.; LAURIE GILLUM; AND | § | |
| RANDOLPH GILLUM, | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This adversary proceeding arises from the on-going disputes between CERx Pharmacy Partners, LP ("CERx") and RPD Holdings, LLC ("RPD"), among others. For the sake of brevity, the Court will not discuss the facts underlying this specific adversary proceeding (as they are not important to this decision), and will instead focus on the procedural posture of the adversary proceeding.

On March 17, 2014, CERx; Diane G. Reed, as Chapter 7 Trustee for Provider Meds, LP; John Dee Spicer, as Chapter 7 Trustee for OnSiteRx, Inc.; and Jeffrey H. Mims, as Chapter 7 Trustee for ProvideRx of Waco, LLC (collectively, the "Plaintiffs," and, with James Cunningham, Chapter 7 Trustee for ProvideRx of San Antonio, LLC the "Trustees") filed a complaint [Dkt. No. 1] against RPD; Alta Source, Inc. f/k/a Alta Air, Inc. and Tri Star Petro, Inc.; Laurie Gillum; and Randolph Gillum (collectively, the "Defendants"). The Trustees filed *Plaintiffs' First Amended Complaint* [Dkt. No. 23] (the "First Amended Complaint") on May 5, 2014, which RPD then moved to dismiss. *Motion of RPD Holdings, LLC to Dismiss* [Dkt. No. 31]. The Court granted RPD's motion to dismiss in part and denied it in part; ordering that CERx be dismissed as a party plaintiff on certain claims without prejudice. *Order on Motion of RPD Holdings, LLC to Dismiss* [Dkt. No. 32]. On July 14, 2014, the Trustees filed *Plaintiffs' Third Amended Complaint* [Dkt. No. 75], which is the live complaint as to the Trustees. On August 4, 2014, CERx filed *CERx Pharmacy Partners LP's Third Amended Complaint* [Dkt. No. 119], which is the live complaint as to CERx.

On June 3, 2014, RPD filed its original answer and counterclaim, asserting various claims against the Trustees [Dkt No. 41]. On July 28, 2014, RPD filed its *Original Answer of RPD Holdings, LLC to Trustees' Third Amended Complaint and Amended Counterclaims* [Dkt. No.

105] (the "Answer and Counterclaims").  As relevant here, in its Answer and Counterclaims, RPD asserts a cause of action for breach of duty and willful misconduct against Trustees Cunningham, Mims, and Reed (the "Counterclaim").  On July 9, 2014, Trustees Cunningham, Mims, and Reed filed an expedited motion to dismiss the Counterclaim [Dkt. No. 62] (the "Motion to Dismiss").  Trustees Cunningham, Mims, and Reed state in the Motion to Dismiss that the Counterclaim should be dismissed under Bankruptcy Rule 7012(b)(1) for lack of subject matter jurisdiction because RPD lacks standing under the *Barton* doctrine to assert it.  For the reasons stated on the record at the hearing on the Motion to Dismiss, as supplemented by this Memorandum Opinion and Order, the Motion to Dismiss will be denied.

This Court begins its analysis with the *Barton* doctrine.  The *Barton* doctrine requires a party to obtain leave from the appointing court before bringing suit against a court-appointed receiver.  *In re VistaCare Group, LLC*, 678 F.3d 218, 224 (3d Cir. 2012).  It is a jurisdictional rule.  *Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012).  The doctrine originated in *Barton v. Barbour*, 104 U.S. 126 (1881).  In that case, the plaintiff sought personal injury damages against the receiver of a railroad, but she did not seek leave of the court that appointed the receiver to bring her suit.  *Id.* at 127.  The Supreme Court stated that "[i]t is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained."  *Id.*  Accordingly, the Supreme Court held that "a court of another State has not jurisdiction, without leave of the court by which the receiver was appointed, to entertain a suit against [the receiver]."  *Id.* at 137.

Modern courts have extended the *Barton* doctrine to bankruptcy trustees.  *See, e.g.*, *Satterfield*, 700 F.3d at 1234-35 ("We now hold that *Barton* precludes suit against a bankruptcy trustee for claims based on alleged misconduct in the discharge of a trustee's official duties

absent approval from the appointing bankruptcy court."); *VistaCare*, 678 F.3d at 232 ("[W]e hold that the *Barton* doctrine remains valid, and therefore . . . a party must first obtain leave of the bankruptcy court before it brings an action in another forum against a bankruptcy trustee for acts done in the trustee's official capacity."); *McDaniel v. Blust*, 668 F.3d 153, 157 (4th Cir. 2012) ("This principal has been extended to suits against bankruptcy trustees . . . ."); *Indus. Clearinghouse, Inc. v. Mims (In re Costal Plains, Inc.)*, 326 B.R. 102, 111 (Bankr. N.D. Tex. 2005) ("The Barton Doctrine . . . was expanded to include claims against bankruptcy trustees.").

At first blush, then, it appears that this Court would not have jurisdiction to hear the Counterclaim because it is against Trustees Cunningham, Mims, and Reed, and RPD has not sought leave to bring the Counterclaim. However, RPD argues that because the Counterclaim was asserted in the court that appointed Trustees Cunningham, Mims, and Reed, "it would be absurd to conclude that this Court lacks jurisdiction over those claims . . . ." *Objection of RPD Holdings, LLC to Trustee's Motion to Dismiss* [Dkt. No. 64] at 2. Thus, the issue before this Court is whether the *Barton* doctrine applies to suits brought against a trustee in the appointing court.

This Court agrees with those courts that have concluded that a party does not need leave to sue a trustee in the appointing court. For example, in *Golladay v. Brady (In re Coburn)*, No. 00-40496, 2006 WL 2010852, *2 (Bankr. N.D. Cal. July 6, 2006), the court stated that the *Barton* doctrine only applies to situations where a party seeks to sue a trustee in the non-appointing court. Similarly, the bankruptcy appellate panel in *Kashani v. Fulton (In re Kashani)*, 190 B.R. 875, 888 (9th Cir. BAP 1995) stated that "the nonappointing court may not entertain suits against the trustee . . . without leave from the appointing court." However, the *Kashani*

court further stated that leave is not required for a party to bring suit against the trustee in the bankruptcy court. *Id.*

These decisions are consistent with the Supreme Court's opinion in *Barton*. There, the Supreme Court specifically stated that its opinion applied to situations where one court has appointed a receiver and suit is brought against that receiver in another court. *Barton*, 104 U.S. at 136 ("We therefore declare it as our opinion that when the court of one State has . . . property in its possession for administration as trust assets, and has appointed a receiver . . . , a court of another State has not jurisdiction, without leave of the court by which the receiver was appointed."). So, from this Court's perspective, when suit is brought in the appointing court, as here, the *Barton* doctrine is not implicated.

Moreover, this Court is persuaded by the policy argument advanced in *CIT Communications Finance Corps. v. Maxwell (In re marchFIRST, Inc.)*, No. 08-CV-121, 2008 WL 4287634 (N.D. Ill. Sept. 12, 2008). In *marchFIRST*, CIT leased phone equipment to the debtor. *Id.* at *1. CIT filed an adversary proceeding against the Chapter 7 trustee, alleging that the trustee breached his fiduciary duty by, *inter alia*, ignoring CIT's request for the return of the phone equipment. *Id.* at *2. The trustee moved to dismiss, arguing that CIT had not sought leave before filing its suit against him. *Id.* While the bankruptcy court agreed with the trustee that the *Barton* doctrine barred the suit, the district court disagreed,[1] stating:

> When a party sues the trustee in the same bankruptcy court that appointed her trustee, it reinforces rather than undermines [the policies of the *Barton* doctrine]; the bankruptcy court maintains control over all matters relating to the bankruptcy proceeding, can effectively screen complaints against the trustee, and can monitor the trustee's work.

*Id.*

---

[1] The district court ultimately affirmed the bankruptcy court's decision to dismiss on the grounds that the suit was untimely. *In re marchFIRST*, 2008 WL 4287634 at *3, *5.

Finally, from this Court's perspective, leave should not be required when suit is brought against the trustee in the appointing court because the appointing court can screen complaints against the trustee through another procedural mechanism—*i.e.*, Federal Rule of Civil Procedure 12(b)(6), which provides a more stringent standard in evaluating whether a legitimate claim for relief has been stated than is applied when leave is sought.  Specifically, when a party seeks leave to sue a trustee, that party "must make a prima facie case against the trustee, showing that its claim is not without foundation."  *VistaCare*, 678 F.3d at 232 (internal quotation marks omitted).  And, while the standard for granting leave "is similar to the standard courts employ when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)," the standard for granting leave to sue is more flexible than the standard for granting a motion to dismiss, especially in light of the pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *VistaCare*, 678 F.3d at 232.

In short, it is inefficient and a waste of judicial resources to require a party who wishes to sue a trustee to seek leave of the appointing court before bringing those claims in the appointing court.  Once the suit is filed in the appointing court, the trustee can protect himself from frivolous suits by simply filing a motion to dismiss if he challenges the sufficiency of the claims filed against him.  In fact, the trustee is better protected from frivolous suits through the more stringent Rule 12(b)(6) standard.

Because this Court interprets the *Barton* doctrine to only apply to cases filed in a non-appointing court, the Motion to Dismiss must be, and hereby is, denied.

**SO ORDERED**.

### END OF MEMORANDUM OPINION ###